IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DASHAWN HAYES, EXECUTOR OF THE ESTATE OF VIVIAN FRANKLIN, | CIVIL DIVISION |
|  | No. 22-cv-3395 |
| Plaintiff, vs. |  |
| CITY OF PHILADELPHIA, |  |
| Defendants. |  |

**<u>ORDER OF COURT</u>**

AND NOW, this _____ day of _____, 2023, upon consideration of Defendant Dr Reynolds' Motion to Dismiss Plaintiff's Complaint, it is hereby ORDERED, ADJUDGED, and DECREED that said motion is GRANTED. Plaintiff's Complaint is dismissed with prejudice as to Dr. Reynolds. Dr. Reynolds is dismissed from this action with prejudice.

BY THE COURT:

_____/J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| DASHAWN HAYES, EXECUTOR OF THE ESTATE OF VIVIAN FRANKLIN,<br><br>Plaintiff,<br>vs.<br><br>CITY OF PHILADELPHIA,<br><br>Defendants. | CIVIL DIVISION<br><br>No. 22-cv-3395 |

## **MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

AND NOW, comes Defendant, Diedra Reynolds, M.D., by and through her attorneys, Matis Baum O'Connor, P.C., and files the following Motion to Dismiss Plaintiff's Complaint with prejudice for the reasons set forth more fully in the accompanying brief filed simultaneously with this Motion.

MATIS BAUM O'CONNOR

*Electronically Filed*

By: /s/ *Cassidy L. Neal*
    Cassidy L. Neal, Esquire
    PA I.D. 311979
    Attorneys for Diedra Reynolds, M.D.,
    Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

## **CERTIFICATE OF COMPLIANCE**

I, the undersigned, hereby certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

    MATIS BAUM O'CONNOR

    ***Electronically Filed***

    By: */s/ Cassidy L. Neal*
        Cassidy L. Neal, Esquire
        PA I.D. 311979
        Attorneys for Diedra Reynolds, M.D.,
        Defendant

    912 Fort Duquesne Blvd
    Pittsburgh, PA 15222
    (412) 338-4750

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am this day serving a true and correct copy of the foregoing **BRIEF IN SUPPORT OF DR. REYNOLDS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon all parties via ECF this 13th day of February, 2023.

>Brian J. Zeiger, Esquire
>Levin & Zeiger, LLP
>Two Penn Center Plaza, Suite 620
>1500 JFK Boulevard
>Philadelphia, PA  19102
>***Counsel for Plaintiff***

>MATIS BAUM O'CONNOR
>
>***Electronically Filed***
>
>By: /s/ *Cassidy L. Neal*
>    Cassidy L. Neal, Esquire
>    PA I.D. 311979
>    Attorneys for Diedra Reynolds, M.D.,
>    Defendant
>
>912 Fort Duquesne Blvd
>Pittsburgh, PA 15222
>(412) 338-4750

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DASHAWN HAYES,
EXECUTOR OF THE ESTATE OF VIVIAN FRANKLIN,

        Plaintiff,
vs.

CITY OF PHILADELPHIA,

        Defendants.

CIVIL DIVISION

No. 22-cv-3395

## BRIEF IN SUPPORT OF DR. REYNOLDS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### I. Relevant Procedural History

Plaintiff initiated this case by filing his Complaint in the Court of Common Pleas of Philadelphia County on August 5, 2022. (Doc. 1, Ex. B). As the case presents questions of federal law, it was removed to the United States District Court for the Eastern District of Pennsylvania on August 24, 2022. (Doc. 1). Defendant Dierdra Reynolds, M.D. returned an executed Waiver of Service of Summons on January 6, 2023. (Doc. 13). According to the Waiver, a responsive pleading from Dr. Reynolds is due on or before February 13, 2023. (Doc. 13). Dr. Reynolds now timely files her Motion to Dismiss Plaintiff's Complaint for the reasons fully set forth below.

### II. Statement of Facts

Plaintiff alleges that in the early morning of August 15, 2021, Vivian Franklin ("Decedent") was processed into custody in the Philadelphia Prison System. (Doc. 1, Ex. B, ¶¶11-23). On intake, Decedent allegedly disclosed that she had been a heroin user for a year, "using two to three bags per day," most recently on August 14, 2021. *Id.* Plaintiff further claims that Decedent "appeared to be under the influence of drugs." *Id.* Accordingly, per Plaintiff's Complaint, prison staff initiated opioid withdrawal protocol. *Id.* Under this

protocol, Plaintiff claims, Decedent was prescribed numerous withdrawal medications. *Id.,* at 15-16.

Plaintiff next alleges that Decedent was assessed on August 15, 2021, when Co-Defendant Peart noted her severe joint aches and elevated blood pressure. (Doc. 1, Ex. B, ¶24). Plaintiff asserts that Decedent "was not given the withdrawal medication as prescribed," by any Defendant. (Doc. 1, Ex. B, ¶25). Decedent allegedly made complaints of withdrawal symptoms at approximately 3:18 a.m. on August 16, 2021, and was seen at her cell door by Co-Defendant Moret, but was not further assessed by any medical staff. (Doc. 1, Ex. B, ¶¶29-31).

According to Plaintiff's Complaint, Decedent was next seen unresponsive on the floor of her cell at 8:30 a.m. (Doc. 1, Ex. B, ¶32). Decedent was allegedly transported to Nazareth Hospital at 8:58 a.m., where she later died. (Doc. 1, Ex. B, ¶¶37 and 38).

With respect to Dr. Reynolds, Plaintiff's Complaint contains only a vague allegation that she was an employee of the City of Philadelphia and Corizon, and that she was one of five "providers." (Doc. 1, Ex. B, ¶¶4 and 24). There is no allegation regarding if or how Dr. Reynolds was involved in providing treatment to Decedent. (Doc. 1, Ex. B). There is no allegation regarding Dr. Reynolds' role as a "provder." (Doc. 1, Ex. B).

Plaintiff asserts claims for failure to protect and denial of medical care under the Fourteenth Amendment; state law negligence; wrongful death, and survival claims against all individual defendants. (Doc. 1, Ex. B, Counts I, IV, V, and VI). For the reasons that follow, Plaintiff's Complaint is deficient and must be dismissed as to Dr. Reynolds.

### III. Questions Presented

**A. SHOULD PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM AGAINST DR. REYNOLDS BE DISMISSED BECAUSE THE COMPLAINT DOES NOT STATE A CONSTITUTIONAL LAW CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**Suggested Answer:** Yes.

**B. SHOULD PLAINTIFF'S NEGLIGENCE CLAIM AGAINST DR. REYNOLDS BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO PRODUCE A CERTIFICATE OF MERIT?**

**Suggested Answer:** Yes.

**C. SHOULD PLAINTIFF'S NEGLIGENCE CLAIM AGAINST DR. REYNOLDS BE DISMISSED BECAUSE PLAINTIFF HAS FAILED TO STATE A NEGLIGENCE CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**Suggested Answer:** Yes.

**D. SHOULD PLAINTIFF'S WRONGFUL DEATH AND SURVIVAL ACTIONS AGAINST DR. REYNOLDS BE DISMISSED BECAUSE THE COMPLAINT DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED?**

**Suggested Answer:** Yes.

### IV. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint may be dismissed for failing to state a claim upon which relief may be granted. In evaluating a motion to dismiss under this rule, the Court must accept all factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In order to survive a motion to dismiss, however, a plaintiff may not rely on "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A Court "is not bound to accept as true a legal conclusion couched as a factual allegation" and "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citations omitted); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (citations omitted).

**V.     Argument**

   **A. Fourteenth Amendment**

Plaintiff contends that his allegations demonstrate a violation of the Fourteenth Amendment by all individual Defendants. (Doc. 1, Ex. B, Count I). Plaintiff fails, however, to show what specific actions of Dr. Reynolds constituted such a violation. In fact, the only reference to Dr. Reynolds at any point in Plaintiff's Complaint, beyond its identification of her as one of fourteen individual defendants, is the indication that Dr. Reynolds was one of several "providers." (Doc. 1, Ex. B, ¶24). Dr. Reynolds is not alleged to have diagnosed any condition of Decedent, to have prescribed Decedent any medications, or been responsible for administering medication to Decedent. (Doc. 1, Ex. B). Further, there is no claim that Dr. Reynolds was responsible, in any way, for addressing complaints of withdrawal within the prison. (Doc. 1, Ex. B). Plaintiff's Complaint provides no basis to impute liability to Dr. Reynolds, even when all facts alleged therein are assumed to be true.

While the Fourteenth Amendment provides a right to adequate medical care for pretrial detainees, rather than the Eighth Amendment which applies following a conviction, the analysis for each is substantially the same. *Navolio v. Lawrence Cnty.*, 406 F. App'x 619, 622 (3d Cir. 2011); citing *Natale v. Camden Cnty. Corr. Facility,* 318 F.3d 575, 580 (3d Cir. 2003) ("[W]e have analyzed inadequate medical care claims by pretrial detainees under the Eighth Amendment standard, evaluating whether the evidence shows (i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need.") (internal quotation marks omitted). Plaintiff's Complaint fails to meet this standard as to Dr. Reynolds.

Assuming Decedent was experiencing a serious medical need,[1] Plaintiff has failed to show any act or omission by Dr. Reynolds that indicates deliberate indifference to that

---

[1] As Decedent's death is alleged to have resulted from her chemical withdrawal, the undersigned will assume for purposes of the instant Motion and Brief only that Plaintiff has satisfied the first prong of the deliberate indifference test. *Est. of Thomas v. Fayette Cnty.,* 194 F. Supp. 3d 358, 371 (W.D. Pa. 2016); citing *Navolio, supra,* at 622.

medical need. The law is clear that "a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); citing *Parratt v. Taylor*, 451 U.S. 527, 537 n.3 (1981); *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976). As this Court has explained, "[a] civil rights complaint is pleaded adequately when it includes the conduct, time, place and persons responsible." *Wongus v. Corr. Emergency Response Team*, 389 F. Supp. 3d 294, 300 (E.D. Pa. 2019). As to Dr. Reynolds, Plaintiff's Complaint clearly fails to meet this standard.

As indicated above, there are no particular allegations of any act or omission taken by Dr. Reynolds herself that would show deliberate indifference. Plaintiff makes numerous allegations specific to actions taken by Co-Defendants, but the only action specific to Dr. Reynolds is being one of five "providers." (Doc. 1, Ex. B, ¶24). Although Plaintiff includes this allegation in a paragraph related to an assessment performed by Co-Defendant Peart on August 15, 2021, there is no claim that Dr. Reynolds participated in that assessment or was otherwise involved in Decedent's care. (Doc. 1, Ex. B). These vague factual averments with respect to Dr. Reynolds clearly fail to show deliberate indifference. *Rouse v. Plantier,* 182 F.2d 192, 197 (3d Cir. 1999). Accordingly, Plaintiff's attempted Fourteenth Amendment claim is deficient and must be dismissed as to Dr. Reynolds.

### B. Negligence – Failure to File a Certificate of Merit

With respect to Plaintiff's allegations that Dr. Reynolds' conduct constituted negligence, his claims must be dismissed due to his failure to provide an appropriate Certificate of Merit. According to Pennsylvania Rule of Civil Procedure 1042.3, a plaintiff asserting a medical negligence claim is required to produce a Certificate of Merit stating that a qualified expert has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited by the defendant fell outside

acceptable professional standards, and that such conduct was a cause in bringing about the plaintiff's harm. Pa.R.C.P. 1042.3(e).[2]

A plaintiff is required to file a Certificate of Merit in any action based upon an allegation that a medical professional deviated from acceptable standards of care. "This Rule must be applied, as well, in Federal Court ... where a Complaint is predicated upon facts constituting medical treatment, that is, when it involves diagnosis, care and treatment by licensed professionals, the action must be characterized as a professional negligence action." *Jackson v. Beard*, 2009 WL 3747874 (W.D. Pa. 2009); citing *Chamberlain v. Giampapa*, 210 F.2d 154, 158-61 (3d Cir. 2000) and *Ditch v. Waynesboro Hospital*, 917 A.2d 317, 321-22 (Pa. Super. 2007) (internal quotations omitted).

Expert testimony is required to support Plaintiff's allegations of negligence against Dr. Reynolds. Without it, a plea for relief from Dr. Reynolds cannot be sustained. "The Certificate of Merit is a prerequisite to all Pennsylvania medical malpractice claims, even those brought in the federal courts through diversity or supplemental jurisdiction." *Gannaway v. Prime Care Med., Inc.,* 150 F. Supp. 3d 511, 531 (E.D. Pa. 2015), aff'd sub nom. *Gannaway v. PrimeCare Med., Inc*, 652 F. App'x 91 (3d Cir. 2016). Plaintiff's negligence claims must, therefore, be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff's attempt to avoid this requirement through the label of "General Non-Medical Negligence" on this Count should not mislead the attention of this Court from the substance of the allegations. This claim is expressly predicated upon the examination, assessment, and provision of medical care to Decedent. (Doc. 1, Ex. B, Count IV). Indeed, Count IV of the Complaint alleges the improper administration of medication; a failure to assess Decedent's medical needs; a failure to properly maintain and monitor records; and failing to discover "medical issues, causes and conditions to be treated with necessary medical care

---

[2] Dr. Reynolds has filed a Notice on the docket advising Plaintiff that his Negligence claims should be dismissed for failing to produce a Certificate of Merit. (Doc. 16).

and medication." (Doc. 1, Ex. B, Count IV). These matters are clearly related to "diagnosis, care, and treatment by licensed professionals," and accordingly must be construed as a claim for professional negligence. *Jackson, supra,* at *3. Due to Plaintiff's failure to file a certificate of merit, this claim must be dismissed as to Dr. Reynolds.

### C. Negligence – Failure to State a Claim

Even with a Certificate of Merit, Plaintiff has failed to state a negligence claim against Dr. Reynolds. "Negligence requires the plaintiff establish four elements: 1) the defendant owed the plaintiff a duty; 2) the defendant breached the duty; 3) the plaintiff suffered actual harm; and 4) a causal relationship existed between the breach of duty and the harm." *Adams v. Wells Fargo Bank, N.A.*, 2017 WL 6619015, at *2 (E.D. Pa. Dec. 27, 2017), (citing *Freed v. Geisinger Medical Center*, 910 A.2d 68, 72 (Pa. Super. Ct. 2006)).

As set forth above, Plaintiff's Complaint lacks any clear factual averments regarding Dr. Reynolds' involvement in this case. There is certainly no indication as to what "duty" Dr. Reynolds owed Decedent, as there is no claim regarding Dr. Reynolds' role or responsibility within the prison. The Complaint contains no averment as to how Dr. Reynolds breached any duty, and there is no indication as to how Dr. Reynolds specifically caused Decedent any harm. Without such allegations, Plaintiff has not pled a proper claim of negligence. Accordingly, this claim must be dismissed.

### D. Wrongful Death & Survival Claims

Plaintiff contends, as to the individual defendants, that each is for damages under the Pennsylvania Wrongful Death and Survival Acts, 42 Pa. C.S.A. §§8301 & 8302. (Doc. 1, Counts V and VI). As this Court has noted, "wrongful death and survival actions are not substantive causes of action; rather, they provide a vehicle through which plaintiffs can recover for unlawful conduct that results in death." *Sullivan v. Warminster Twp.*, 765 F. Supp. 2d 687, 707 (E.D. Pa., Mar. 15, 2011). As indicated above, Plaintiff's attempt to recover damages from Dr. Reynolds is inappropriate under each cause of action alleged, and any recovery under these statutes must by extension be dismissed. As such, Plaintiff's

Wrongful Death and Survival claims, which do not stand on their own, also cannot rest on the deficiently pled causes of action Plaintiff bases them on. As this Court has held, a "plaintiff's Wrongful Death Act and Survival Act claims must fall without having adduced evidence of a viable claim on one or more of the underlying causes of action." *Johnson v. City of Philadelphia*, 105 F. Supp. 3d 474, 483 (E.D. Pa. 2015), aff'd, 837 F.3d 343 (3d Cir. 2016). Accordingly, Plaintiff's Complaint must be dismissed in its entirety as to Dr. Reynolds.

## VI.  Conclusion

For the foregoing reasons, Defendant Dr. Reynolds respectfully requests that her Motion to Dismiss be granted, and that Plaintiff's Complaint be dismissed with prejudice.

MATIS BAUM O'CONNOR

***Electronically Filed***

By: */s/ Cassidy L. Neal*
Cassidy L. Neal, Esquire
PA I.D. 311979
Attorneys for Diedra Reynolds, M.D., Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am this day serving a true and correct copy of the foregoing **BRIEF IN SUPPORT OF DR. REYNOLDS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT** upon all parties via ECF this 13th day of February, 2023.

Brian J. Zeiger, Esquire
Levin & Zeiger, LLP
Two Penn Center Plaza, Suite 620
1500 JFK Boulevard
Philadelphia, PA  19102
***Counsel for Plaintiff***

MATIS BAUM O'CONNOR

***Electronically Filed***

By: */s/ Cassidy L. Neal*
Cassidy L. Neal, Esquire
PA I.D. 311979
Attorneys for Diedra Reynolds, M.D., Defendant

912 Fort Duquesne Blvd
Pittsburgh, PA 15222
(412) 338-4750