IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dashawn Hayes, Executor of the Estate of | : | CIVIL ACTION |
| Vivian Franklin | : | |
| 2456 N Patton Street | : | |
| Philadelphia, PA 19132 | : | TRIAL BY JURY DEMANDED |
| Plaintiff, | : | |
| | : | No. 22-cv-3395 |
| v. | : | |
| | : | |
| City of Philadelphia | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Corizon Health, Inc. | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Carl Fierimonte, Jr. | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Christine Foreman, NP | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Dorian Jacobs, MD | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Tiffany McCullough, CO | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Jenna Mechalas, RN | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Jayna Mooney, RD | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |
| | : | |
| Ashley Moret, RN | : | |
| 8001 State Road | : | |
| Philadelphia, PA 19136 | : | |

                                              :
Vanessa Peart                                 :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
Dierdra Reynolds, MD                          :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
Helen Sarskaya, MD                            :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
Nicole Taylor, CO                             :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
Tyrone Turner, RN                             :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
Rosalie Wessel, MD                            :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
Steven Wilbraham, MD                          :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
CO V. Thomas                                  :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
CO T. McCullough                              :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
CO A. Jackson                                 :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
CO Y. Robinson                                :
8001 State Road                               :
Philadelphia, PA 19136                        :
                                              :
CO D. Keno                                    :

8001 State Road                        :
Philadelphia, PA 19136                 :
                                       :
CO N. Taylor                           :
8001 State Road                        :
Philadelphia, PA 19136                 :
                                       :
CO Gillis                              :
8001 State Road                        :
Philadelphia, PA 19136                 :
                                       :
John Doe                               :
8001 State Road                        :
Philadelphia, PA 19136                 :
                                       :
_____Defendants._____   :

## FIRST AMENDED COMPLAINT

Plaintiff, Dashawn Hayes, as the Administrator of the Estate of Vivian Franklin, by and through his attorney, Brian Zeiger, Esq., hereby alleges the following:

## PARTIES

1.    Plaintiff, the Executor of the Estate of Vivian Franklin, is an adult individual who currently resides at 2456 N. Patton Street, Philadelphia, PA 19132.

2.    Defendant City of Philadelphia, is a Municipality in the Commonwealth of Pennsylvania doing business at 8001 State Road, Philadelphia, PA 19136.

3.    Defendant Corizon Health, Inc. (hereinafter "Corizon"), is a healthcare provider doing business at 8001 State Road, Philadelphia, PA 19136.

4.    Defendants Carl Fierimonte, Jr., Christine Foreman, NP, Dorian Jacobs, MD, Tiffany McCullough, CO, Jenna Mechalas, RN, Jayna Mooney, RD, Ashley Moret, RN, Vanessa Peart, RN, Dierdra Reynolds, MD, Helen Sarskaya, MD, Nicole Taylor, CO, Tyrone Turner, RN, Rosalie Wessel, MD, and John Doe, were employees of Defendants City of Philadelphia and Corizon at

all times relevant to this Complaint with a principal place of business at 8001 State Road, Philadelphia, PA 19136, and all being sued in their individual capacity.

5.      Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis were on duty as Corrections Officers at the Philadelphia Prison System, employees of the City of Philadelphia at all times relevant to this Complaint with a principal place of business at 8001 State Road, Philadelphia, PA 19136., and are all being sued in their individual capacity.

6.      At all times material hereto, the Defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the City of Philadelphia and Corizon.

## JURISDICTION AND VENUE

7.      This action is brought pursuant to 42 U.S.C. § 1983.

8.      Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343.

## FACTUAL BACKGROUND

9.      Plaintiff re-alleges each and every averment as set forth previously, as if the same were set forth here in full.

10.     On 8/14/2021, Vivian Franklin was taken into police custody on a narcotics related charge.

11.     Ms. Franklin was interviewed by Defendant Carl Fiermonte, Jr., who did not properly document her opioid dependence.

12.     On 8/15/21 at 3:20 a.m., Vivian Franklin was processed at intake at the Philadelphia Prison System (PPS).

13.     Ms. Franklin consented to medical screening and physical exam.

14.     At 5:00 a.m. the medical intake assessment was conducted.

15.     Defendants Turner and Jacobs were personally involved in the assessment.

16.     Ms. Franklin disclosed she had been a heroin user for one year, using two to three bags per day, with the most recent use on 8/14/2021.

17.     Ms. Franklin appeared to be under the influence of drugs.

18.     At the time of the assessment, her readings were as follows: BP 141/91. GCS total 14. Clinical Opiate Withdrawal Scale (COWS) score assessed at 2.

19.     Ms. Franklin was personally assessed on or about 8/15/2021 by Defendants Foreman, Jacobs, and Wilbraham.

20.     Ms. Franklin was assigned to a lower bunk.

21.     PPS commenced withdrawal protocol for opioid dependence.

22.     At some unknown time, on 8/15/2021, Ms. Franklins COWS was assessed at 7, significantly higher than her initial score.

23.     Ms. Franklin's symptoms included sweating/chills, mild diffuse discomfort of bone or joint aches, and vomiting or diarrhea.

24.     Ms. Franklin was prescribed withdrawal medications and including the following:

- Vistaril 50 mg every 6 hours prn (as needed)
- Pepto-Bismol 524 mg / 30 ml, prn (as needed)
- Dicyclomine HCI 20 mg every 6 hours prn (as needed)
- Loperamide HCI 2 mg 3/daily prn (as needed)
- Clonidine HCl 0.1 mg 3/daily prn (as needed)
- Promethazine 25 mg every 6 hours prn (as needed)
- Acetaminophen 325 mg, prn (as needed)
- Ondansetron 4 mg every 6 hours prn (as needed)

25.     Ms. Franklin was given a separate assessment on 8/15/2021 at an unknown time, indicating a COWS score of 6 with severe joint aches and blood pressure 135/98; the note was electronically signed by Defendant Vanessa Peart RN COR at 11:31 a.m.; the providers were Defendants Jacobs, Reynolds, Foreman, Wilbraham, and Peart.

26.     **Ms. Franklin was not given the withdrawal medication as prescribed**. None of the

5

Defendants provided her with the prescribed medication.

27.     On 8/16/2021 at 1:00 a.m., Ms. Franklin was unable to leave her cell for an additional medical assessment because of her state of withdrawal and was refused a new medical assessment by staff.

28.     The staff acknowledged in their notes that the risks of refusing medical treatment were "severe withdrawal, seizures, change in mental status, death."

29.     Outrageously, the staff refused to conduct the medical assessment at Ms. Franklin's cell.

30.     Further, on 8/16/2021, at or about 3:18 a.m., Ms. Franklin made complaints of drug withdrawal symptoms. She was visualized at her cell door by Defendant Ashley Moret, yet she was not examined by any medical professional.

31.     No additional attempts to assess Ms. Franklin were conducted.

32.     Ms. Franklin was again **not given the prescribed medicati**on for withdrawal.

33.     On 8/16/2021, at 8:30 a.m., Ms. Franklin was found on the ground on her mattress by Defendants McCullough and Taylor, post-fall, with a laceration under the left eye and unresponsive.

34.     Defendants Mechalas, Mooney, and Sarskaya initiated cardiopulmonary resuscitation (CPR), rescue ventilation was attempted via mask / Ambu-bag and chest rise observed. Ventilation continued at 0834, 0837, 0840, 0843, 0846. AED applied at 0834, 0837, 0840, 0843, 0845; no shock was advised.

35.     Defendant Sarskaya, arrived at 8:40 a.m. At 8:52 a.m., Ms. Franklin's pulse was 140/129, respiration via Ambu-bag, temperature 97.6, oxygen 86%.

36.     Defendants Merchalas, Mooney, and Sarskaya ended chest compressions at 8:52 a.m. when care was assumed by EMS.

37.    Ms. Franklin had a return of spontaneous circulation in less than 20 minutes after compressions.

38.    Ms. Franklin was transported to Nazareth Hospital at 8:58 a.m.

39.    Ms. Franklin later died.

40.    Based upon information and belief, Defendant Wessell was also Ms. Franklin's medical provider on the date of her death and was directly involved in Ms. Franklin's care or lack thereof.

41.    Further, throughout the time period of the decedent's incarceration, Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis were working as corrections officers at the facility where the decedent was housed.

42.    Based upon information and belief, Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis were charged with guarding the area where the decedent was housed at the PPS.

43.    Based upon information and belief, Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis were charged with checking on the wellbeing of inmates in their care and custody during the time period of 8/15/2021 through 8/16/2021, including but not limited to the decedent.

44.    Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis were all personally involved with monitoring the status of inmates in their care and custody during the time period of 8/15/2021 through 8/16/2021.

45.    Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis did not check on the decedent's wellbeing when she was in their care and custody.

46.    Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor,

and Gillis were all aware that the decedent was not given her prescribed medication from 8/15 through 8/16/2021.

47.     Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis were all aware that the decedent did not exit her cell for any reason from 8/15/2021 through 8/16/2021.

48.     Defendants V. Thomas, T. McCullough, A. Jackson, Y. Robinson, D. Keno, N. Taylor, and Gillis did ensure that the decedent was given and took her prescribed medications from 8/15/2021 through 8/16/2021.

49.     More specifically, Defendant A. Jackson made approximately 51 entries in a log book from August 15, 2021, at 2:45 p.m. through 11:00 p.m., that she toured the block housing the decedent, yet should nothing to help the decedent, make sure she was provided proper medical care, or given her prescribed medication.

50.     More specifically, as state *supra*, the decedent did not exit her cell at 1:00 a.m. and 3:18 a.m. for medical evaluation, help, or medication.

51.     During this time period, Defendant Keno, was on duty and admitted in a log book to touring the area where the decedent was housed.

52.     Defendant Keno did not do anything to help the decedent, make sure she was provided proper medical care, or given her prescribed medication.

53.     Defendant Keno made approximately 26 entries into the prison log book that she toured the area where the decedent was housed during the same time period.

54.     Further, during the same time period as mentioned in the preceding paragraph, Defendant Robinson toured the same unit area of the prison on one occasion and did nothing to help the decedent, make sure she was provided proper medical care, or given her prescribed medication.

55.     As a direct and proximate cause of the Defendants' actions and inactions, Ms. Franklin suffered immense physical injuries and death.

56.     Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

57.     Moreover, the decedent had death beneficiaries who will never see her again, nor with the decedent be able to provide financial support for her beneficiaries.

58.     The City of Philadelphia failed to create, implement, and enforce policies, practices, and procedures to ensure that proper care was provided to the decedent.

59.     The City of Philadelphia failed to ensure medical personnel properly examined inmates complaining of physical health complaints while in the PPS.

60.     Corizon failed to ensure medical personnel properly examined inmates complaining of physical health complaints while in the PPS.

61.     The City of Philadelphia and Corizon failed to dispense proper medication as prescribed by their own doctors.

<u>**COUNT I:**</u>
<u>**FAILURE TO PROTECT AND DENIAL OF MEDICAL CARE**</u>
<u>**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983**</u>
<u>**PLAINTIFF V. ALL DEFENDANTS**</u>

62.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

63.     Decedent was prescribed medication for opiate withdrawal and was not given the medication.

64.     Defendants did not properly investigate or treat decedent's medical complaints.

65.     Defendants did not properly assess and examine decedent's medical complaints.

66.     Defendants left decedent to fester in her cell knowing she was going through opioid

withdrawal.

67.    The Defendants ignored the decedent's medical complaints.

68.    The Defendants had the audacity to suggest the decedent failed to be assessed because she could not ambulate from her cell due to her severe medical condition.

69.    Defendants failed to protect decedent's physical wellbeing.

70.    Defendants deliberately, recklessly, and with conscious disregard of decedent's wellbeing, ignored decedent's complaints of physical pain.

71.    Defendants deliberately, recklessly, and with conscious disregard of decedent's wellbeing, ignored decedent's obvious need for medical treatment and evaluation.

72.    Defendants deliberately, recklessly, and with conscious disregard of decedent's wellbeing, denied decedent of medical care.

73.    Defendants deliberately, recklessly, and with conscious disregard of decedent's wellbeing, failed to ensure that decedent received prompt medical attention;

74.    Defendants acted deliberately, recklessly, and with a conscious disregard of the obvious risk that the decedent had a serious medical issue.

75.    Defendants' actions caused decedent to needlessly suffer, served no penological purpose, and caused her to die.

76.    As a direct and proximate cause of Defendants' actions, the decedent suffered injury, immense physical pain, humiliation, fear, and ultimately death.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, attorneys fees and allowable costs of suit and brings this action to recover same.

## COUNT II:
## SUPERVISOR LIABILITY –

## FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983
## PLAINTIFF V. DEFENDANT PHILADELPHIA, CORIZON, and DOE

77.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

78.     Defendants City of Philadelphia, Corizon, and Doe were deliberately indifferent to the needs of pretrial detainees being held in the PPS.

79.     Upon information and belief, Defendants were aware that certain policies and customs posed a grave danger to inmates detained in the PPS, including the decedent.

80.     Defendants City of Philadelphia and Corizon maintained a policy of staffing with PPS with an insufficient number of medical staff at the PPS.

81.     The Defendants did not give the Decedent her prescribed medication, which ultimately lead to her death.

82.     The policy, procedures and standard of having inmates assessed for medical needs were defective and therefore failed the decedent, ultimately causing her death.

83.     In spite of such knowledge, Defendants did nothing to implement corrective policy or correct customs which Defendants knew posed a serious danger to inmates and pre-trial detainees, including the decedent.

84.     The Defendants were deliberately indifferent to the well-being of inmates going through opiate withdrawal detained in PPS, including the decedent.

85.     Defendants knew of their supervisory failures and knew many inmates would suffer through withdrawal, and were not receiving the proper medical, but deliberately failed to correct the problem.

86.     Defendants were aware of a substantial risk to detainees if they did not receive proper medical care.

11

87.     Defendants were deliberately indifferent to the consequences of their established policies and customs.

88.     The Defendants' establishment and maintenance of the above-mentioned policies and customs directly caused the decedent to be deprived of his Constitutional rights.

89.     As a direct and proximate result of the Defendants' deliberate indifference, the decedent suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, the decedent's family suffered mental anguish and a loss of companionship, comfort, financial support, and guidance.

90.     Plaintiff also makes a claim for such injuries, damages, and consequences resulting from the incident of which she has no present knowledge.

        WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

**COUNT III:**
**MUNICIPAL LIABILITY**
**FOURTEENTH AMENDMENT – PURSUANT TO 42 U.S.C. § 1983**
**PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA**

91.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

92.     Defendant City of Philadelphia promulgated and maintained policies and customs, as pled at length above, which were the moving force that caused the decedent's constitutional and statutory rights being violated.

93.     Defendant City of Philadelphia failed to adhere to protocol in detecting and safeguarding inmates when inmates made medical complaints.

94.     Defendant City of Philadelphia maintained a policy of not staffing the PPS with the

12

proper doctors and medical staff to treat the medical needs of inmates.

95.     Defendant City of Philadelphia maintained a policy of not properly distributing medication to inmates.

96.     Defendant City of Philadelphia maintained a policy of not properly ensuring medical assessments of inmates were conducted in a timely manner.

97.     All of the pled policies and customs were implemented before, during, and after decedent's detention at the PPS.

98.     Defendant knew of the dangers posed by these policies and customs.

99.     Specifically, Defendant City of Philadelphia was fully aware prior to the time period of decedent's incarceration of the serious and extreme danger posed by not properly providing medical care to inmates in the PPS.

100.    Despite this prior knowledge, Defendant City of Philadelphia took no steps to enact proper policies to remedy the problematic policies and customs.

101.    Had Defendant Philadelphia properly promulgated appropriate protocol, not had an improper custom, or adequately trained and/or supervised the individual defendants, the decedent would have received appropriate care and supervision.

102.    The Defendant City of Philadelphia was deliberately indifferent to the constitutional rights of the decedent.

103.    Defendant City of Philadelphia's policies and customs were a direct and proximate cause of Plaintiff's injuries and damages.

104.    As a direct and proximate result of Defendant City of Philadelphia's policies and customs, the decedent suffered immense physical pain, humiliation, fear, physical injuries, and death. Moreover, the decedent's family suffered mental anguish and a loss of companionship,

comfort, financial support, and guidance.

105.    Plaintiff also makes a claim for such injuries, damages, and consequences resulting from

the incident of which he has no present knowledge.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty

thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees,

and allowable costs of suit and brings this action to recover same.

**COUNT IV:**
**NEGLIGENCE (GENERAL NON-MEDICAL NEGLIGENCE)(PENNSYLVANIA LAW)**
**– PLAINTIFF V. DEFENDANTS CORIZON, AND ALL INDIVIDUAL DEFENDANTS**

106.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

107.    Defendants Corizon and all individual Defendants owed the decedent a duty of care.

108.    Defendants Corizon and all individual Defendants breached their duty of care to the

decedent.

109.    The negligent conduct of the individual defendants, in the course and scope of their

employment with the Defendant City of Philadelphia and/or as the agent of Defendant City of

Philadelphia, consists of the following:

    a.  negligently and recklessly failing to properly administer medication to the decedent;

    b.  negligently and recklessly assess the decedent's medical needs.

    c.  negligently and recklessly failing to properly maintain and properly monitor records in

        order to discover medical issues, causes, and conditions to be treated with necessary

        medical care and medication.

    d.  negligently and recklessly not examining the decent.

    e.  negligently and recklessly not physically examining the decedent.

f.  negligently and recklessly failing to learn why the decedent was not given her medication.

g.  communicate to superiors and peers of the decedent's complaints of withdrawal.

h.  Not personally going into decedent's cell and giving her a physical exam.

i.  negligently and recklessly failing to provide appropriate supervision to the decedent

j.  negligently and recklessly not monitoring Plaintiff while in their care.

110.   As a direct and proximate cause of the Defendants' negligence, the decedent experienced significant pain and suffering.

111.  As a direct and proximate cause of Defendants' negligence, decedent died while enduring significant pain and suffering, both physical and emotional.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees and allowable costs of suit and brings this action to recover same.

**COUNT V:**
**WRONGFUL DEATH (PENNSYLVANIA LAW)**
**PLAINTIFF V. DEFENDANTS CORIZON and ALL INDIVIDUAL DEFENDANTS**

112.   Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

113.   Plaintiff Deshawn Hayes, individually and as Administrator of the Estate of Vivian Franklin, deceased, brings the action on behalf of the beneficiaries under and by virtue of the Wrongful death Act, 42 Pa.C.S.A. § 8301, and the Applicable Rules of Civil Procedure.

114.   The decedent is survived by beneficiaries under the Wrongful Death Act.

115.   As a result of the conduct of the Defendants, as set forth herein, the deceased was caused grave injuries and death, resulting in the entitlement to damages by the beneficiaries under the

wrongful Death Act.

116.     Plaintiff Deshawn Hayes, individually and as Administrator of the Estate of Vivian

Franklin, deceased, claims all expenses recoverable under the Wrongful Death Act, including but

not limited to damages for medical, funeral, and burial expenses and expenses of administration

necessitated by reason of the injuries causing Vivian Franklin's death.

117.     On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for

services provided of which could have been expected to have been performed in the future.

118.     On behalf of the Wrongful Death Act Beneficiaries, the Administrator claims damages

for all pecuniary loss suffered by the beneficiaries.

119.     On behalf of the Wrongful Death Act beneficiaries, the Administrator claims damages for

all loss of comfort, society, guidance, and tutelage that the beneficiaries may have received from

the decedent by the beneficiaries as a result of the decedent's untimely death.

120.     On behalf of the Wrongful Death beneficiaries, the Administrator claims damages for the

full measure of damages, including punitive damages, allowed under the Wrongful Death Act of

Pennsylvania and the decisional law interpreting said Act.

          WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty

thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees

and allowable costs of suit and brings this action to recover same.

**COUNT VI:**
**SURVIVAL ACTION (PENNSYLVANIA LAW) –**
**PLAINTIFF V. DEFENDANTS CORIZON and ALL INDIVIDUAL**
**DEFENDANTS**

121.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this

Complaint and incorporates them herein by reference as if the same were set forth at length.

122.     Plaintiff Deshawn Hayes, individually and as Administrator of the Estate of Vivian

16

Franklin, deceased, brings this Survival Action on behalf of the Estate of Vivian Franklin,

deceased, brings this Survival Action on behalf of the Estate of Vivian Franklin under and by

virtue of 42 Pa.C.S. §8302, and the applicable Rules of Civil Procedure and the decisional law

interpreting the Act.

123.    As a result of the negligence of all Defendants set forth herein, Vivian Franklin, was

caused grave injuries and death, resulting in the entitlement to damages by his Estate under the

Survival Act.

124.    As a result of the death of Vivian Franklin, her Estate has been deprived of the economic

value of his life expectancy, and Plaintiff claims under the Survival Act, damages for all

pecuniary losses suffered by the Estate as a result of her decedent's death, including all loss of

income, earnings, retirement income, benefits and Social Security income.

125.    The Administrator further claims, under the Survival Act, the total amount that the

decedent would have earned in the future, minus the costs of personal maintenance.

126.    The Administrator further claims, under the Survival Act, damages for the conscious pain

and suffering endured by decedent prior to death, including physical pain and suffering, and

mental pain and suffering leading to decedent's death.

127.    The Administrator further claims, under the Survival Act all damages, including punitive

damages, recoverable pursuant to 42 Pa.C.S. § 8302, and the decisional law interpreting said Act.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty

thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees

and allowable costs of suit and brings this action to recover same.

**COUNT VII:**
**VICARIOUS LIABILITY—RESPONDEAT SUPERIOR**
**PLAINTIFF V. DEFENDANT CORIZON**

17

128.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

129.    The negligence of Defendant Corizon, by and through their agents, servants, and/or employees, within the course and scope of their agency and employment.

130.    Upon information and belief, Defendant Corizon, employed or hired the individual defendants to provide medical services at the Philadelphia Prison System on their behalf.

131.    The individual employees were providing medical services at the time of the incident during the course of and within the scope of their employment.

132.    The individual defendants' medical services were for the purpose of benefiting Corizon.

133.    Plaintiff makes a claim for such injuries, damages, and consequences resulting from the individual Defendants' negligence as outlined above, for which Corizon is vicariously liable.

WHEREFORE, Plaintiff claims of Defendants a sum in excess of one hundred and fifty thousand dollars ($150,000) in compensatory damages, delay damages, interest, attorneys fees, and allowable costs of suit and brings this action to recover same.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

RESPECTFULLY SUBMITTED,

June 22, 2023                               __/s/Brian Zeiger_____
DATE                                        BRIAN ZEIGER
                                            IDENTIFICATION NO.: 87063
                                            LEVIN & ZEIGER, LLP
                                            TWO PENN CENTER
                                            1500 JFK BLVD STE 620
                                            PHILADELPHIA, PA 19102
                                            215.546.0340

zeiger@levinzeiger.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dashawn Hayes, Executor of the Estate of | : | CIVIL ACTION |
| Vivian Franklin | : | |
|       Plaintiff, | : | |
| | : | TRIAL BY JURY DEMANDED |
|     v. | : | |
| | : | No. 22-cv-3395 |
| City of Philadelphia, et al. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

The foregoing has been served on all counsel of record via this Court's ecf electronic filing service.

RESPECTFULLY SUBMITTED,


June 22, 2023                           ___/s/Brian Zeiger_____
DATE                                    BRIAN ZEIGER
                                         IDENTIFICATION NO.: 87063
                                         LEVIN & ZEIGER, LLP
                                         TWO PENN CENTER
                                         1500 JFK BLVD STE 620
                                         PHILADELPHIA, PA 19102
                                         215.546.0340
                                         zeiger@levinzeiger.com