**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DASHAWN HAYES, ADMINISTRATOR OF THE ESTATE OF VIVIAN FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF PHILADELPHIA;<br>CORIZON HEALTH, INC.;<br>YESCARE CORP.;<br>BRUCE HERDMAN;<br>CARL FRIERIMONTE, JR.;<br>CHRISTINE FOREMAN, N.P.;<br>DORIAN JACOBS, M.D.;<br>ASHLEY MORET, R.N.;<br>VANESSA PEART, R.N.;<br>TYRONE TURNER, R.N.;<br>STEVEN WILBRAHAM, M.D.;<br>ISAAC LEFKOWITZ;<br>DAVID GEFNER;<br>FRANK JEFFREY SHOLEY;<br>SARA ANN TIRSCHWELL;<br>JEFFREY SCOTT KING;<br>C.O. A. JACKSON; and<br>C.O. D. KENO,<br><br>Defendants. | : | CIVIL ACTION<br><br>No.: 2:22-cv-03395<br><br>JURY TRIAL DEMANDED |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS KING, LEFKOWITZ, SHOLEY, AND TIRSCHWELL'S MOTION TO DISMISS FOR LACK OF PERSONAL AND SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

**Page**

I. Introduction ..... 1

II. Background ..... 2

III. Legal Standards ..... 4

A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1) ..... 4

B. Lack Of Personal Jurisdiction Under Rule 12(b)(2) ..... 5

C. Failure To State A Claim Under Rule 12(b)(6) ..... 5

IV. Argument ..... 6

A. Hayes Fails To Allege Sufficient Minimum Contacts With Pennsylvania To Support Personal Jurisdiction Over The Individual Restructuring Defendants ..... 6

B. Only The Trusts And The YesCare Estate Have Standing To Bring The Claims Asserted In Count IV ..... 8

C. Count VII Fails To State A Claim For Veil-Piercing / Alter Ego Liability Against The Individual Restructuring Defendants ..... 13

D. Count IV Fails To State A Claim For Fraud Or Fraudulent Transfer ..... 14

V. Conclusion ..... 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Accurso v. Infra-Red Servs., Inc.*,
23 F.Supp.3d 494 (E.D. Pa. 2014) ....................13

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................5

*Bowers v. NETI Techs., Inc.*,
690 F. Supp. 349 (E.D. Pa. 1988) ....................7

*Brookworth Partners, L.P. v. Frankford Mach., Inc.*,
2017 WL 4269031 (Pa. Super. Ct. Sept. 26, 2017) ....................14

*Clark v. Wells Fargo Bank*,
585 Fed. App'x. 817 (3d Cir. 2014)....................4

*Dundon v. Lefkowitz*
(In re Tehum Care Servs., Inc.), Adv. Proc. No. 26-03138 (CML)....................9, 12

*Finkelman v. Nat'l Football League*,
810 F.3d 187 (3d Cir. 2016)....................4

*Fowler v. UPMC Shadyside*,
578 F.3d 203 (3d Cir. 2009)....................6

*G. W. v. Ringwood Bd. of Educ.*,
28 F.4th 465 (3d Cir. 2022) ....................4

*GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*,
888 F.3d 29 (3d Cir. 2018)....................4

*Gibbs v. Ernst*,
647 A.2d 882 (Pa. 1994) ....................15

*Hasson v. FullStory, Inc.*,
114 F.4th 181 (3d Cir. 2024) ....................7, 8

*In re CHS FL, LLC, et al.*,
No. 2:26-bk01087 (FMR) (Bankr. M.D. Fla.) ....................4

*In re Elrod Holdings Corp.*,
392 B.R. 110 (Bankr. D. Del. 2008) ....................10

*In re Emoral, Inc.*,
740 F.3d 875 (3d Cir. 2014)....................9, 12

*In re Kraeger*,
1999 WL 342762 (Bankr. E.D. Pa. May 24, 1999) ....................10

*In re Maxus Energy Corp.*,
597 B.R. 235 (Bankr. D. Del. 2019) ....................12

*In re Philadelphia Newspapers, LLC*,
423 B.R. 98 (E.D. Pa. 2010) ....................1

*In re Resorts Int'l, Inc.*,
372 F.3d 154 (3d Cir. 2004)....................6

*In re Spiech Farms, LLC*,
603 B.R. 395 (Bankr. W.D. Mich. 2019)....................9

*In re Tehum Care Services, Inc.*,
Case No. 23-90086 (CML) ECF No. 2014 (Bankr. S.D. Tex., Mar. 3, 2025)....................2, 3, 11

*In re Tehum Care Servs., Inc.*,
Case No. 23-90086 (CML) (Bankr. S.D. Tex.) ....................3

*In re Total Containment, Inc.*,
2008 WL 682455 (Bankr. E.D. Pa. Mar. 5, 2008)....................8, 10

*In re Total Containment, Inc.*,
335 B.R. 589 (Bankr. E.D. Pa. 2005) ....................15

*In re Whittaker Clark & Daniels Inc*,
176 F.4th 241, 2026 WL 1131929 (3d Cir. 2026) ....................12

*In re Wilton Armetale, Inc.*,
968 F.3d 273 (3d Cir. 2020)....................8, 10

*In re YesCare Corp.*,
No. 2:26-bk-01089 (Bankr. M.D. Fla.)....................4

*Jones v. Experian Info. Sols., Inc.*,
2022 WL 4080763 (E.D. Pa. Sept. 6, 2022) ....................7

*Kaiser v. Gualtieri, et al.*,
No. 8:19-cv-449, Order Denying Motion to Amend, ECF No. 389 (M.D. Fla.,
Aug. 24, 2026) ....................2, 9

*Lumax Indus., Inc. v. Aultman*,
669 A.2d 893 (Pa. 1995) .......... 13

*Malik v. Cabot Oil & Gas Corp.*,
710 F. App'x 561 (3d Cir. 2017) .......... 5

*Marshall v. Fenstermacher*,
388 F.Supp.2d 536 (E.D. Pa. 2005) .......... 15

*Marten v. Godwin*,
499 F.3d 290 (3d Cir. 2007) .......... 5

*Miller Yacht Sales, Inc. v. Smith*,
384 F.3d 93 (3d Cir. 2004) .......... 5

*Morrison Informatics, Inc. v. Members 1st Credit Union*,
97 A.3d 1233 (Pa. Super. Ct. 2014) .......... 8

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
549 F.2d 884 (3d Cir. 1977) .......... 5

*Potter v. Cozen & O'Connor*,
46 F.4th 148 (3d Cir. 2022) .......... 6

*Schweitzer v. Nevels*,
2026 WL 625090 (E.D. Pa. Mar. 5, 2026) .......... 12

*Simkins Corp. v. Gourmet Res. Int'l*,
601 F. Supp. 1336 (E.D. Pa. 1985) .......... 7

*Tronox Inc. v. Kerr-McGee Corp.*,
855 F.3d 84 (2d Cir. 2017) .......... 10

*Walden v. Fiore*,
571 U.S. 277 (2014) .......... 8

*Xtreme Caged Combat v. Zarro*,
2021 WL 731505 (Pa. Super. Ct. 2021) .......... 15

**Statutes**

12 Pa. C.S.A. § 5101 .......... 14

12 Pa. C.S.A. § 5104 .......... 14

12 Pa. C.S.A. § 5107–08 .......... 15

42 Pa. C.S.A. § 8302–03 .......... 1

42 Pa. Cons. Stat. Ann. § 5322(b) .......... 5

42 Pa. Cons. Stat. § 5524 .......... 2

11 U.S.C. § 362(3) .......... 12

11 U.S.C. § 541 .......... 9, 12

11 U.S.C. § 1123 .......... 11

42 U.S.C. § 1983 .......... 1

Pennsylvania Uniform Voidable Transactions Act .......... 14

**Other Authorities**

Constitution of the United States .......... 5

Fed. R. Civ. P. 4(k)(1)(A) .......... 5

Fed. R. Civ. P. 9 .......... 14, 15

Fed. R. Civ. P. 12 .......... *passim*

## I. Introduction

On August 5, 2022, Dashawn Hayes sued the City of Philadelphia, Corizon Health, Inc., thirteen named medical providers and prison officials, as well as John Doe corporate employees and correctional officers for allegedly deficient medical care provided to Vivian Franklin. See ECF No. 1. Hayes amended his complaint in June of 2023 to add additional medical and correctional defendants. See ECF No. 25. In 2026, Hayes amended his complaint once again in an attempt to bring claims against the Individual Restructuring Defendants[1] (Jeffrey King, Isaac Lefkowitz, Frank Jeffrey Sholey and Sara Tirschwell) who are not alleged to have had anything to do with caring for Franklin. See ECF No. 53. In addition to not alleging that they had anything to do with caring for Franlkin, Hayes did not allege any facts establishing personal jurisdiction over the Individual Restructuring Defendants.

In addition to lacking any allegations supporting personal jurisdiction, or that they had any role in Franklin's medical care, the claims[2] against the Individual Restructuring Defendants also lack any allegation that the Individual Restructuring Defendants acted outside of their corporate capacities. See ECF No. 53 at ¶ 8–12.[3] Instead, Hayes' attempt to drag the Individual

---

[1] The Second Amended Complaint includes David Gefner among the "Individual Restructuring Defendants." ECF No. 53 at ¶ 121. Gefner has retained separate counsel to speak for him.

[2] Denial of Medical Care under 42 U.S.C. § 1983 (Count I), "Fraud and Personal Participation in Fraudulent Restructuring" (Count IV), corporate veil-piercing (Count VII), and wrongful death and survival under 42 Pa. C.S.A. § 8302–03 (Counts IX and X). See ECF No. 53. Hayes agreed to discontinue Count I, Count IX and Count X as against King, Lefkowitz, Tirschwell and Sholey, the memorialization of which is expected to be filed on the electronic docket shortly.

[3] The Second Amended Complaint must allege that the Individual Restructuring Defendants were acting in their corporate capacities because only claims against them in their corporate capacities were stayed by Tehum's bankruptcy filing. See In re Philadelphia Newspapers, LLC, 423 B.R. 98, 104 (E.D. Pa. 2010) (The automatic stay in bankruptcy does not automatically apply to non-debtors, and such an extension only occurs by court order after a finding of "unusual circumstances"). Likewise, the tolling provisions of the Plan which Hayes claims apply were not enacted until the approval of the plan itself, on March 3, 2025, well after the

Restructuring Defendants into this case is premised solely on the theory that a Texas bankruptcy filing (which was explicitly permitted by statute and for which a chapter 11 plan was confirmed by a bankruptcy court) the Individual Restructuring Defendants made in their official capacities was actually a scheme by the Individual Restructuring Defendants to defraud possible future creditors. Such claims should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) and Rule 12(b)(6) because, as the court in Kaiser v. Gualtieri, et al. recently found (see No. 8:19-cv-449, Order Denying Motion to Amend, ECF No. 389 (M.D. Fla., Aug. 24, 2026)) Barrow lacks standing to assert them given that any such claims are owned by the trusts created pursuant to Tehum's confirmed chapter 11 plan, and by the estate in the subsequently filed YesCare bankruptcy. Additionally, Hayes' remaining claims should be dismissed because alter ego / veil-piercing is not a standalone claim under Pennsylvania law, because Hayes has not alleged facts that would support piercing the veil between any corporation and the Individual Restructuring Defendants, and because Hayes has failed to plead a fraud or fraudulent transfer claim.

## II. Background

The Second Amended Complaint alleges that Vivian Franklin was a pretrial detainee in the Philadelphia Prison System who experienced opioid withdrawal symptoms while incarcerated and died after allegedly receiving inadequate medical care. See ECF No. 53 at ¶ 20–50. Corizon Health, Inc., a city contracted medical provider, is alleged to be among the

---

running of the two-year statute. See In re Tehum Care Services, Inc., Case No. 23-90086 (CML) ECF No. 2014 (Bankr. S.D. Tex., Mar. 3, 2025). Given that the events giving rise to the Second Amended Complaint took place in August of 2021, see ECF No. 53 at ¶ 17–35, any claims against the Individual Restructuring Defendants in their personal capacities were time-barred long before the 2026 filing of the Second Amended Complaint. See 42 Pa. Cons. Stat. § 5524.

entities and individuals responsible for Franklin's inadequate medical treatment. See ECF No. 53 at ¶ 19.

In his Second Amended Complaint, Hayes alleges that, in May 2022, over a year after the allegedly deficient medical care, Corizon undertook a "divisive-merger restructuring" commonly referred to as a "Texas Two-Step." ECF No. 53 at ¶ 60–64. Through the restructuring, Corizon allegedly transferred its active correctional healthcare contracts, operational infrastructure, management personnel, and ongoing business operations to YesCare Corp., while a newly created entity, Tehum Care Services, Inc., was assigned approximately $1.2 billion in liabilities. See ECF No. 53 at ¶ 60–64. Hayes alleges that the Individual Restructuring Defendants held leadership, control, or advisory roles at Corizon, YesCare, and/or Tehum, and that each participated in advising, structuring, approving, or implementing the restructuring that allegedly deprived Hayes of an effective source of recovery for his pending claims. See ECF No. 53 at ¶ 8–12, 64–74, 120–29.

Tehum filed a voluntary Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Texas on February 13, 2023. See ECF No. 53 at ¶ 63; In re Tehum Care Servs., Inc., Case No. 23-90086 (CML) (Bankr. S.D. Tex.). The Bankruptcy Court in that case entered an order[4] (the "Confirmation Order") confirming Tehum's First Modified Joint Chapter 11 Plan[5] (the "Plan") on March 3, 2025. According to the Second Amended Complaint, the Plan conditioned releases and injunctions on timely performance of settlement payment obligations to two newly established trusts, that those payments were not made, and that the cure period has

[4] See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025).

[5] See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B.

expired. See ECF No. 53 at ¶ 65–70. Hayes alleges that, as of March 5, 2026, the Plan's injunctions, stays, and releases automatically terminated, reinstating claims against previously released parties. See ECF No. 53 at ¶ 68. While such allegations must be accepted as true when ruling on a motion to dismiss, they are of no moment because the claims Hayes asserts were property of Tehum's bankruptcy estate that were vested in two trusts created pursuant to the Plan, and the trusts own those claims and have sole and exclusive standing to assert them.

YesCare filed for Chapter 11 bankruptcy on May 8, 2026. See In re YesCare Corp., No. 2:26-bk-01089 (Bankr. M.D. Fla.). That bankruptcy case is jointly administered with lead case In re CHS FL, LLC, et al., No. 2:26-bk01087 (FMR) (Bankr. M.D. Fla.).

## III. Legal Standards

### A. Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)

Without standing, there is no subject matter jurisdiction. See Finkelman v. Nat'l Football League, 810 F.3d 187, 195 (3d Cir. 2016). Absent such jurisdiction, federal courts lack the power to adjudicate claims and must dismiss an action. See Clark v. Wells Fargo Bank, 585 Fed. App'x. 817, 820 (3d Cir. 2014).

In considering its own jurisdiction under Rule 12(b)(1), a court should "presume[] that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." G. W. v. Ringwood Bd. of Educ., 28 F.4th 465, 468 (3d Cir. 2022) (citations omitted).

Where a defendant raises a factual challenge to subject matter jurisdiction, the "[c]ourt may look beyond the pleadings to ascertain the facts." GBForefront, L.P. v. Forefront Mgmt. Grp., LLC, 888 F.3d 29, 35 (3d Cir. 2018) (alteration in original). In other words, "the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case[,]" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed

material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).

**B. Lack Of Personal Jurisdiction Under Rule 12(b)(2)**

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)). "In Pennsylvania, state law provides for jurisdiction 'to the fullest extent allowed under the Constitution of the United States' and 'based on the most minimum contact with [the] Commonwealth allowed under the Constitution of the United States.'" Marten, 499 F.3d at 296 (citing 42 Pa. Cons. Stat. Ann. § 5322(b)).

Personal jurisdiction may either be general, based on continuous or systematic contacts with the forum, or specific. See e.g. Malik v. Cabot Oil & Gas Corp., 710 F. App'x 561, 563 (3d Cir. 2017). Once a challenge to personal jurisdiction is raised, the "plaintiff bears the burden of establishing the court's jurisdiction over the moving defendants." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).

**C. Failure To State A Claim Under Rule 12(b)(6)**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678. The Court must disregard legal conclusions and take well-plead facts as true and make a determination as to whether those

facts state a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

In contrast to Article III standing, prudential standing doctrines are properly considered under Rule 12(b)(6) because they do not implicate constitutional defects in subject-matter jurisdiction. See Potter v. Cozen & O'Connor, 46 F.4th 148, 151 (3d Cir. 2022); see also In re Resorts Int'l, Inc., 372 F.3d 154, 161 (3d Cir. 2004).

## IV. Argument

Hayes' claims against the Individual Restructuring Defendants should be dismissed for four reasons. First, this Court lacks personal jurisdiction over the Individual Restructuring Defendants, who are not accused of any forum related activity. Second, Hayes lacks standing to assert claims pursuant to the Plan, and as a result, this Court lacks subject matter jurisdiction. Third, the claim in Count VII (veil-piercing / alter ego liability) is not a standalone claim under Pennsylvania law, and does not in any event state a claim against the Individual Restructuring Defendants (and instead at most states a claim against other corporations). Finally, in addition to failing for want of subject matter jurisdiction, Count IV also fails to state a claim.

### A. Hayes Fails To Allege Sufficient Minimum Contacts With Pennsylvania To Support Personal Jurisdiction Over The Individual Restructuring Defendants

This Court lacks personal jurisdiction (either general or specific) over the Individual Restructuring Defendants. Hayes does not allege that the Individual Restructuring Defendants live in Pennsylvania (because they don't) or maintain the sort of continuous and systematic contacts necessary to support general jurisdiction (again, because they don't). Similarly, Hayes does not allege Pennsylvania-directed conduct by any of the Individual Restructuring Defendants that could establish specific jurisdiction. Finally, the incidental effects in Pennsylvania of the

Texas restructuring (the one thing Hayes alleges the Individual Restructuring Defendants did) are insufficient to give rise to effects-based specific jurisdiction.

To establish specific jurisdiction, a "plaintiff must show (1) the defendant 'purposefully directed [its] activities' at the forum; (2) the plaintiff's claims 'arise out of or relate to' at least one of those activities."[6] Jones v. Experian Info. Sols., Inc., 2022 WL 4080763 at *3 (E.D. Pa. Sept. 6, 2022); see also Hasson v. FullStory, Inc., 114 F.4th 181, 193 (3d Cir. 2024). Hayes does not do so. Instead, Hayes only alleges that the Individual Restructuring Defendants engaged in a fraudulent bankruptcy in Texas. See, e.g., ECF No. 53 at ¶ 60–63. Hayes does not plead that the Individual Restructuring Defendants did anything in, or directed any activities towards, Pennsylvania.

Even if Corizon's and YesCare's contacts could be imputed to the Individual Restructuring Defendants (which they should not be),[7] the conduct for which the Individual Restructuring Defendants are allegedly liable (i.e. engaging in a fraudulent bankruptcy in Texas) is not sufficiently related to those activities to give rise to personal jurisdiction. See, e.g., Hasson, 114 F.4th at 193 (even where Papa John's operated many stores and advertised in Pennsylvania, wiretapping claims related to the company's website fail to arise out of or relate to those activities).

---

[6] Even if Hayes were to satisfy elements (1) and (2), the Court could then consider whether "(3) the exercise of jurisdiction otherwise comports with fair play and substantial justice." Experian Info. Sols., Inc., 2022 WL 4080763 at *3.

[7] Contacts attributable to Corizon or YesCare cannot be imputed to the Individual Restructuring Defendants. See Bowers v. NETI Techs., Inc., 690 F. Supp. 349, 358 (E.D. Pa. 1988) (personal jurisdiction requires that "defendants have sufficient forum-related contacts independent from their contacts as corporate officers or directors"); Simkins Corp. v. Gourmet Res. Int'l, 601 F. Supp. 1336, 1345 (E.D. Pa. 1985) ("it is not 'reasonable' for [an officer] to anticipate that he will be haled into any court in every forum in which the corporation transacts business.").

Hayes also fails to establish effects-based specific jurisdiction because the Supreme Court has held that "mere injury to a forum resident is not a sufficient connection to the forum." Walden v. Fiore, 571 U.S. 277, 278 (2014). Rather, "the tortious actions of the defendant [must] have a forum-directed purpose." Hasson, 114 F.4th at 189. Hayes does not satisfy this standard because he does not allege that the Individual Restructuring Defendants "expressly aimed [their] tortious conduct at [Pennsylvania]." See Hasson, 114 F.4th at 192 (the effects test is not satisfied by data privacy allegations with nationwide impact). Instead, Hayes alleges that the Individual Restructuring Defendants engaged in a bankruptcy in Texas that affected creditors and claimants across multiple jurisdictions. As a result, this Court lacks personal jurisdiction over the Individual Restructuring Defendants.

### B. Only The Trusts And The YesCare Estate Have Standing To Bring The Claims Asserted In Count IV[8]

Hayes' argument at ECF No. 53 at ¶ 65–69 notwithstanding, Hayes lacks standing to bring Count IV because that claim belongs to the Trusts established by the Tehum Plan and the YesCare bankruptcy estate, rather than to individual creditors.[9] Indeed, one of the two Plan-

[8] Some courts characterize this issue as one of statutory authority rather than constitutional standing. See In re Wilton Armetale, Inc., 968 F.3d 273, 280-81 (3d Cir. 2020). Under that approach, the question is not jurisdictional and may be analyzed as a merits based challenge rather than under Rule 12(b)(1). See Armetale, 968 F.3d at 280. Under either framework, Hayes lacks authority to pursue claims that belong to the bankruptcy estate and dismissal is therefore warranted.

[9] This rule is functionally analogous to shareholder derivative rule, which prevents individual shareholders from profiting disproportionately from harms done to the corporation as a whole. See Morrison Informatics, Inc. v. Members 1st Credit Union, 97 A.3d 1233, 1238 (Pa. Super. Ct. 2014) ("If damages to a shareholder result indirectly, as the result of an injury to the corporation, and not directly, the shareholder cannot sue as an individual"); see also In re Total Containment, Inc., 2008 WL 682455 at *9 n.11 (Bankr. E.D. Pa. Mar. 5, 2008) ("While normally [a] fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee.").

created trusts has already filed an adversary proceeding relying on substantially similar allegations to those in this complaint. See Dundon v. Lefkowitz (In re Tehum Care Servs., Inc.), Adv. Proc. No. 26-03138 (CML), ECF No. 1 (Bankr. S.D. Tex. Apr. 27, 2026). The one court that has already ruled on this issue found that while the plan release language "may have authorized a claimant to sue the Corizon directors and officers for their alleged misconduct, that does not mean that Plaintiff can pursue that claim in this case or this Court." Kaiser v. Gualtieri, et al., No. 8:19-cv-449, Order Denying Motion to Amend, ECF No. 389 at 6 (M.D. Fla., Aug. 24, 2026). Judge Honeywell went on to explain that "[t]he Southern District of Texas, where an adversary action has already been filed, appears to be the appropriate court to consider the claims that the directors and officers fraudulently failed to fund the Plan." Kaiser v. Gualtieri, et al., No. 8:19-cv-449, Order Denying Motion to Amend, ECF No. 389 at 6 (M.D. Fla., Aug. 24, 2026).

In addition to finding support in Judge Honeywell's ruling, the conclusion that this claim belongs to Plan-created trusts and bankruptcy estates is also supported by blackletter bankruptcy law and the Plan language from the Tehum case.

Section 541 of the Bankruptcy Code states that "all legal or equitable interests of the debtor in property," including causes of action belonging to the debtor, belong to the bankruptcy estate. See 11 U.S.C. § 541. Courts consistently hold that where an alleged injury is to the debtor – and any injury to creditors is merely derivative of an injury to the debtor – the claim belongs to the estate, and an individual creditor lacks standing to prosecute it. See, e.g., In re Emoral, Inc., 740 F.3d 875, 876 (3d Cir. 2014) (personal injury causes of action asserted against a third-party non-debtor corporation on a "mere continuation" theory of successor liability are property of the bankruptcy estate); In re Spiech Farms, LLC, 603 B.R. 395, 403 (Bankr. W.D.

Mich. 2019) (citing Tronox Inc. v. Kerr-McGee Corp., 855 F.3d 84, 103–104 (2d Cir. 2017)); In re Elrod Holdings Corp., 392 B.R. 110, 114 (Bankr. D. Del. 2008) ("an individual creditor of a debtor may not assert a general claim belonging to all creditors" and where a claim "could be brought by any creditor of the debtor," it must be asserted by the estate's representative); In re Kraeger, 1999 WL 342762 at *4 (Bankr. E.D. Pa. May 24, 1999) (counterclaims for negligence alleging the trustee failed to preserve and recover estate assets are properly dismissed as property of the estate).

Absent abandonment, this remains true post-confirmation. See In re Wilton Armetale, Inc., 968 F.3d 273, 284 (3d Cir. 2020) (absent clear evidence of abandonment, creditors do not have standing to sue under estate causes of action); c.f. In re Total Containment, Inc., 2008 WL 682455 at *9 n.11 (Bankr. E.D. Pa. Mar. 5, 2008) (the former trustee and current plan administrator under a confirmed Chapter 11 plan retained ownership of estate claims).

Count IV is a quintessential estate claim, both as a matter of law and under the clear and unambiguous terms of the Plan. Article I of the Plan defines "Estate Causes of Action" as follows:

> 77. "*Estate Causes of Action*" means Causes of Action owned, held, or capable of being asserted by, under, through or on behalf of the Debtor or its Estate, whether known or unknown, in law, at equity or otherwise, whenever and wherever arising under the laws of any jurisdiction, including actions that arise out of or are based on breach of contract, fraudulent conveyances and transfers, breach of fiduciary duty, breach of duty of loyalty or obedience, legal malpractice, recovery of attorneys' fees, turnover of property and avoidance or recovery actions of the Debtor or its Estate, and all other actions that constitute property of the Estate under section 541 of the Bankruptcy Code that are or may be pursued by a representative of the Estate, including pursuant to section 323 of the Bankruptcy Code, and actions, including Avoidance Actions under chapter 5 of the Bankruptcy Code, seeking relief in the form of damages (actual and punitive), imposition of a constructive trust, turnover of property, restitution, and declaratory relief with respect thereto or otherwise. Without limiting the foregoing, Estate Causes of Action shall include: (a) Causes of Action that prior to the Petition Date could have been asserted by the Debtor on its own behalf under applicable state law, including Causes of Action seeking to impose liability based on (i) the doctrine of successor liability, or (ii) the doctrines of alter ego or veil piercing; (b) Causes of Action that seek to impose liability for a Claim against the Debtor on any non-Debtor based on a theory of liability that is not specific to one or more particular creditors and is common to all creditors of the Debtor and can be asserted by the Debtor under applicable state law; and (c) all other Causes of Action that are property of the Estate under the Bankruptcy Code, including any other form of derivative or vicarious liability for liabilities of the Debtor.

See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. I ¶ 77 (emphasis added). Likewise, paragraph 177 of the Plan specifically provides that the term "Retained Causes of Action…shall include the Released Estate Causes of Action[10] if the Estate Release does not go into effect due to a Settlement Payment Default…" In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. I ¶ 177.

Two trusts were created pursuant to the Plan, the GUC Trust and the PI/WD Trust (collectively, the "Trusts"), and all Retained Causes of Action were transferred to and vested in the Trusts under the Plan. See In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. IV § F(1)(d) (transfer of GUC Trust Assets to the GUC Trust), Art. IV § F(2)(d) (transfer of PI/WD Trust Assets to the PI/WD Trust).

The Trusts are Tehum's successors and representatives pursuant to sections 1123(a)(5), (a)(7), and (b)(3)(B) of the Bankruptcy Code and "have the ***exclusive*** authority and power to…commenc[e], prosecut[e], and settl[e] all Retained [] Causes of Action." In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. IV § F(1)(h) (GUC Trust as Successor to the Debtor and Its Estate); Art. IV § F(2)(g) (PI/WD Trust as Successor to the Debtor and Its Estate) (emphasis added).

---

[10] The term "Released Estate Causes of Action" means "any Estate Cause of Action against a Released Party," and the term "Released Parties" includes, inter alia, Tehum, YesCare Corp., its wholly owned subsidiaries (including CHS TX, Inc.), YesCare Holdings LLC, each of their respective current and former officers, directors, managers, employees, contractors, agents, attorneys, and other professional advisors, Insiders, and Affiliates, and certain individual defendants named in this lawsuit, including King, Lefkowitz, Sholey, and Tirschwell. Cf. In re Tehum Care Servs., Inc., No. 23-90086 (CML), ECF No. 2014 (Bankr. S.D. Tex. Mar. 3, 2025) at Exhibit B Art. I ¶¶ 174, 175, 182.

Additionally, the claims Hayes is attempting to assert are simultaneously property of the YesCare bankruptcy estate. This is because Hayes' complaint alleges that YesCare and the Individual Restructuring Defendants are the alter ego, mere continuation, and successor of Corizon and Tehum. See ECF No. 53 ¶ 145–53. If those allegations are correct, then the alleged transfer and restructuring transactions necessarily injured YesCare no less than Corizon or Tehum, because Hayes' complaint treats those entities as a single economic enterprise. Any causes of action arising from those alleged injuries therefore became property of the YesCare estate upon the commencement of its bankruptcy case, and any claim against Corizon, Tehum, or the Individual Restructuring Defendants is likewise a claim against the YesCare estate. See 11 U.S.C. § 541; 11 U.S.C. § 362(3); Schweitzer v. Nevels, 2026 WL 625090 at *3 n.52 (E.D. Pa. Mar. 5, 2026); see also In re Whittaker Clark & Daniels Inc, 176 F.4th 241, 269, 2026 WL 1131929 (3d Cir. 2026); In re Emoral, 740 F.3d at 879; In re Maxus Energy Corp., 597 B.R. 235, 244 (Bankr. D. Del. 2019).

Simply put, the claims asserted by Hayes constitute Retained Causes of Action that vested in and are now owned by the Trusts under the Plan, and the Trusts, not Hayes, have the authority to prosecute them (which they are already doing). See Dundon v. Lefkowitz (In re Tehum Care Servs., Inc.), Adv. Proc. No. 26-03138 (CML), ECF No. 1 (Bankr. S.D. Tex. Apr. 27, 2026). Simultaneously, the claims are also property of the YesCare bankruptcy estate. In contrast to the Trusts and the YesCare estate, Hayes lacks standing to assert the claims asserted in this litigation, and the Court should therefore dismiss them for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

### C. Count VII Fails To State A Claim For Veil-Piercing / Alter Ego Liability Against The Individual Restructuring Defendants

Veil-piercing or alter-ego liability is not an independent cause of action under Pennsylvania law, but rather a theory of liability that depends on the existence of a viable underlying claim. See Accurso v. Infra-Red Servs., Inc., 23 F.Supp.3d 494, 510 (E.D. Pa. 2014) ("…veil-piercing is not a separate cause of action, but rather a basis for a cause of action…"). Accordingly, even assuming arguendo that Hayes could allege facts relevant to veil-piercing (which he has not done, as set forth below), Count VII cannot proceed absent a cognizable underlying claim. Because Hayes fails to state any other substantive claim against the Individual Restructuring Defendants,[11] there is no cause of action to which alter-ego liability could attach. Count VII should therefore be dismissed.

In any event, "there is a strong presumption in Pennsylvania against piercing the corporate veil." Lumax Indus., Inc. v. Aultman, 669 A.2d 893, 895 (Pa. 1995). In order to "avoid making the entire theory of corporate entity useless[, a] court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." Lumax, 669 A.2d at 895. As for piercing the veil to reach an individual, mere ownership or conclusory allegations that an individual "acted on behalf of herself, unjustly seeking corporate protection" are insufficient to state a claim. See Lumax, 669 A.2d at 895.

At most, the Second Amended Complaint alleges that the veil should be pierced between corporate entities (i.e. Corizon, YesCare and/or Tehum), but not between any of those entities and the Individual Restructuring Defendants. This is because the allegations focus entirely on

---

[11] The reasons for dismissal of Count IV are discussed above. Hayes has agreed to dismiss Counts I, IX and X as against the Individual Restructuring Defendants. See n.2, supra.

the blurring of corporate boundaries among Corizon, YesCare, and Tehum, not on any blurring between individuals and those entities. See ECF No. 53 at ¶ 145–153. Specifically, Hayes does not plead any facts showing that any Corporate Official treated a corporate entity as his or her personal instrumentality, that any Corporate Official commingled corporate funds and personal funds, or that any Corporate Official helped themselves to the corporate treasury. See, e.g., ECF No. 53 at ¶ 152. Consequently, even accepting all factual allegations in the complaint as true, Hayes has not pled that a corporate veil should be pierced as against the Individual Restructuring Defendants.[12]

### D. Count IV Fails To State A Claim For Fraud Or Fraudulent Transfer

Whether Count IV ("Fraud and Personal Participation in Fraudulent Restructuring") is considered as a claim for fraudulent transfer or fraud, it fails to state a claim under Rule 9 and Rule 12(b)(6).

Claims in the nature of a fraudulent transfer are considered under the Pennsylvania Uniform Voidable Transactions Act. See 12 Pa. C.S.A. § 5101 et seq. The Act makes certain transfers "by a debtor … voidable as to a creditor." 12 Pa. C.S.A. § 5104. Under the Act, a "debtor" is "a person that is liable on a claim." 12 Pa. C.S.A. § 5101. Hayes' claim fails on its face as to the Individual Restructuring Defendants, because he does not allege they are either debtors or transferees.

Non-transferees cannot be liable for alleged fraudulent conveyances under the Act, and no claim will lie against employees or corporate officials of a debtor where "the complaint [does] not allege … that any assets were transferred to them as individuals." Brookworth Partners, L.P.

---

[12] Even if Hayes had pled that the corporate veil should be pierced as against the Individual Restructuring Defendants (which he did not do), such a claim would also belong to the Trusts and the YesCare estate for the reasons discussed above.

v. Frankford Mach., Inc., 2017 WL 4269031 at *7 (Pa. Super. Ct. Sept. 26, 2017); see also In re Total Containment, Inc., 335 B.R. 589, 616 (Bankr. E.D. Pa. 2005); Xtreme Caged Combat v. Zarro, 2021 WL 731505 (Pa. Super. Ct. 2021) (granting a compulsory non-suit against an individual defendant where plaintiff presented no evidence that the individual defendant received any money or property in a challenged transaction, notwithstanding the defendant's ownership interest in the actual transferee); 12 Pa. C.S.A. § 5107–08 (defining the scope of relief as money judgments against or avoidance of transfers as to **debtors** and **transferees**) (emphasis supplied).

At most, Hayes states a fraudulent transfer claim as to Corizon, Tehum, and YesCare. See ECF No. 53 at ¶ 60–65, 120–29. Such a claim is independently barred for the reasons stated above.

To the extent Count IV is construed as Pennsylvania common-law fraud claim, it should be dismissed under Federal Rule of Civil Procedure 9(b). To plead a fraud claim, a plaintiff must allege with particularity a material misrepresentation made with scienter and intent to induce reliance, justifiable reliance by the plaintiff, and resulting injury. See, e.g., Gibbs v. Ernst, 647 A.2d 882, 889 (Pa. 1994).

Count IV does not do so. The Second Amended Complaint alleges a "fraudulent restructuring" allegedly designed to strip assets from Corizon and leave liabilities in Tehum, thus depriving Hayes of some likelihood of recovery. See ECF No.53 at ¶ 120–29. It does not allege any misrepresentation (let alone a misrepresentation to Hayes), and it does not allege that Hayes relied on anything (reasonably or otherwise). Because Count IV pleads, at most, an alleged "scheme" untethered to any misrepresentation to or reliance by Hayes, it fails to meet Rule 9(b)'s requirements, and therefore cannot state a fraud claim. See, e.g., Marshall v. Fenstermacher, 388 F.Supp.2d 536, 549 (E.D. Pa. 2005) (Under Pennsylvania and New Jersey law, generic

allegations of fraudulent schemes without allegations of specific elements of fraud, including misrepresentation, knowledge of the falsity of the misrepresentation, intent that a party rely on the misrepresentation and reasonable reliance, fail to state a claim for fraud).

## V. Conclusion

To the extent Hayes was injured, Hayes can bring claims against those who he alleges injured him. He does not, however, allege that the Individual Restructuring Defendants did anything to injure him. Instead, he alleges that they were involved in running companies that ultimately filed a bankruptcy petition and had a chapter 11 plan confirmed by a bankruptcy court. But those causes of action are owned by the bankruptcy estate. To the extent there was something wrong with their doing so, the Trusts created by such plan have the exclusive ability to assert those claims. Hayes does not have standing to bring individual claims in this Court. His claims against the Individual Restructuring Defendants should therefore be dismissed.

Respectfully submitted,

Dated: September 25, 2026

/s/ Aaron Krauss

Aaron Krauss (62419)
Cozen O'Connor
1650 Market Street, Suite 2800
Philadelphia, PA 19103
(215) 665-4181
akrauss@cozen.com
Attorney for Defendants Jeffrey King, Isaac Lefkowitz, Frank Sholey, and Sara Tirschwell

**CERTIFICATE OF SERVICE**

I certify that, on this date, Defendants Jeffrey King, Isaac Lefkowitz, Frank Sholey, and Sara Tirschwell's Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction, and for Failure to State a Claim, and the Memorandum of Law in support thereof, have been filed electronically and are available for viewing and downloading from the ECF system, and that I caused a true and correct copy of the same to be served upon all parties of record via the Court's ECF system.

Dated: September 25, 2026

BY: /s/ Aaron Krauss
Aaron Krauss (62419)